1

2

3

4

5

6

7

8

9

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD LEHMAN, on behalf of himself and others similarly situated, | ) ) ) | No. 2:13-cv-01835 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | FIRST AMENDED ERISA COMPLAINT—CLASS ACTION |
| WARNER NELSON; WILLIAM BECK, JR.; BRIAN BISH, KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES, CLIF DAVIS, TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, by his undersigned attorney, on his behalf and behalf of the class file the following complaint against Defendants and allege as follows:

## I.    INTRODUCTION

1.1  Nature of Action.  Richard Lehman, on behalf of himself and all others similarly situated, collectively "Plaintiff," brings this action against the Defendants to recover reciprocity contributions improperly withheld by the Defendants, and the earnings thereon.  Alternatively,

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 1
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   Plaintiff seeks an accrued benefit based on such contributions.  Plaintiff brings his action to

2   recover all losses due to Defendants' breach of the Plan terms and breach of fiduciary duty.

3   Plaintiff also seeks to enjoin Defendants from taking actions that are prohibited by the Plan and by

4   the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Plaintiff seeks

5   equitable relief and damages for reciprocity contributions improperly withheld.

## II.   JURISDICTION AND VENUE

7        2.1  Subject Matter Jurisdiction.  This Court has subject matter jurisdiction pursuant to 29

8   U.S.C. § 1132(e)(1).  The claims described herein are brought as a class action under Rule 23 of

9   the Federal Rules of Civil Procedure.

10        2.2  Venue.  Venue is proper in the Western District of Washington pursuant to 29 U.S.C.

11   1132(e)(2) as the breach took place in Washington State and one or more of the Defendants reside

12   in Washington State.

13        2.3  Personal Jurisdiction.  This Court, pursuant to the Employee Retirement Income

14   Security Act of 1974, as amended ("ERISA") has personal jurisdiction over the Defendants.

15        2.4  Governing Law.  The claims in this class action complaint are authorized by 29 U.S.C.

16   Sections 1132(a)(1)(B), 1132(a)(2) and 1132(a)(3).

## III.   PARTIES

18        3.1  Plaintiff.  Plaintiff Richard Lehman has worked in the jurisdiction of the IBEW Pacific

19   Coast Pension Plan ("the Plan").  Plaintiff met the requirements to participate in the Plan, had

20   contributions made on his behalf to the Plan, is a Participant under Section 1.15 of the Plan and is

21   also a participant within the meaning of Section 3(7) and ERISA, 29 U.S.C. Section 1002(7), as he

22   is entitled to have withheld contributions transferred by the Plan or he is entitled to an accrued

23   benefit based on the contributions withheld.

24        3.2  Defendants.  Warner Nelson, William Beck, Jr., Brian Bish, Klaas DeBoer, Michael

25   G. Marsh, Rocky Sharp, Richard Bamberger, Dennis Callies, Clif Davis, Tim Donovan, Harry

26   Thompson, ~~and~~ Gary Younghans, Clint Bryson, Michael Church, Michael Doyle, Greg Elder,

27   Glen Franz, Gary Gonzales, Carl D. Hanson, Patrick Powell, Gary Price, Scott Stephens, Roger

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Tobin, and Grant Zadow are or were Trustees of the Plan, an ERISA multiemployer plan.  As Trustees they are ERISA fiduciaries.

## IV.   FACTUAL ALLEGATIONS

4.1  Mr. Lehman has worked as an electrician subject to collective bargaining agreements for a number of years.  His work often requires him to travel.  His home pension plan is the Puget Sound Electrical Workers Pension Trust ("the Home fund").

4.2  When Mr. Lehman works outside the jurisdiction of his Home fund, he requests that any contributions received be transferred to his Home fund.  Such transfers are made pursuant to the reciprocity provisions of the plans and pursuant to the Electrical Industry Pension Reciprocal Agreement.

4.3  Mr. Lehman has worked in the jurisdiction of the IBEW Pacific Coast Pension Fund. When he has worked in the jurisdiction of the IBEW Pacific Coast Pension Fund he has requested that his contributions be transferred, pursuant to the Plan's reciprocity provisions, to his Home Fund.

4.4  Rather than transferring the entire dollar amount of the contribution made on his behalf, the Plan has improperly withheld $1.00 for each hour that he worked within the jurisdiction of the Plan.

4.5  The Plan has also improperly refused to pay any benefit to Plaintiff based on the $1.00 per hour contribution withheld.

4.6  The Plan has been unjustly enriched by improperly keeping the contributions, and the earnings thereon, which were improperly withheld.

4.7  The Plan has subjected both money transferring out of the jurisdiction of the Plan as well as money transferring into the Plan to a contribution funding penalty.  As such, the Trustees have improperly subjected reciprocity participant contributions to dual penalties.

4.8  Legal counsel for the Reciprocity Administrator has informed the Trustees that their failure to transfer all contributions to the Home fund was in violation of the Electrical Industry

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 3
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   Pension Reciprocal Agreement.  Nevertheless, the Trustees have improperly continued to withhold

2   contributions after having been informed that such withholding was improper.

3       4.9  The withholding of contributions without the accrual of benefits violates Section 305

4   of ERISA, 29 U.S.C. Section 1085.  Under Section 305 of ERISA, the schedule of benefits in a

5   rehabilitation plan cannot eliminate all future accruals.  Pursuant to Section 305 of ERISA, the

6   Plan must accrue a minimum benefit equal to 1 percent of the contributions withheld by the Plan.

7       4.10  The Trustees' change to the accrual rates and the elimination of accruals on

8   reciprocity contributions also violates the accrual rules of Section 204(b) of ERISA, 29 U.S.C.

9   Section 1054(b).

10      4.11  The Trustees' withholding of $1.00 per hour of reciprocity funds violates the

11  Electrical Industry Pension Reciprocal Agreement, as well as the Plan provisions.

12      4.12  The Trustees violated their fiduciary duty by interpreting the Plan in a manner

13  prohibited by the Electrical Industry Pension Reciprocal Agreement and by ERISA.  The Trustees

14  violated their fiduciary duty by adopting Rehabilitation provisions that violated Plan provisions,

15  ERISA, and the National Electrical Industry Pension Reciprocal Agreement.  Pursuant to Article 5

16  of the Plan, transfers must conform with the National Electrical Industry Pension Reciprocal

17  Agreement.

18      4.13  The Trustees have violated the Plan document by withholding $1.00 per hour on

19  reciprocity transfer funds.  The provisions of Section 3.03(b) of the Plan impose a $1.00 funding

20  on reciprocity transfers received by the Plan.  The Trustees' application of this Section to transfers

21  out of the Plan is inconsistent with Article 5 of the Plan, which adopts the National Electrical

22  Industry Pension Reciprocal Agreement.  As such, the Trustees' interpretation violates the Plan

23  document and ERISA.

24      4.14  Article 16 of the Plan does not authorize the withholding of $1.00 per hour if the

25  contribution rate is $3.00 or more.  The Trustees wrongfully withheld $1.00 on contribution rates

26  of 3.00 or more.

27

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 4
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

4.15  The Rehabilitation period for the Plan began on August 1, 2009.  The application of the $1.00 funding withholding on Reciprocity transfers prior to the effective date of the Rehabilitation period violates Sections 305 and 204 of ERISA.

4.16  In May of 2013, Mr. Lehman wrote the Plan and requested a return of any reciprocity contributions withheld, plus earnings thereon.  The Plan did not respond to the claim or inform Mr. Lehman of his appeal rights.  Pursuant to the Plan and ERISA, if a claim is ignored the claimant may file suit in federal court.  Such a suit is to be heard *de novo* by this Court, with no deference to the Trustees.

## V.    CLASS ACTION ALLEGATIONS

5.1  Class Definition.  Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this case as a class action on behalf of the Plan (for purposes of the second claim for relief) and on behalf of the following class of persons similarly situated ("Class"):

> All current and former employees or participants that were subject to the jurisdiction of the Plan and who requested that all contributions made on their behalf to the Plan be transferred to their Home Fund and, with respect to contributions made on or after July 1, 2008, had amounts withheld from such contributions by the Plan prior to transferring such amounts to a reciprocal Plan.

5.2  Numerosity.  Based on the Plan's 5500 filings, there are over 3,000 participants in the Plan and over 250 contributing employers.  All of these participants could have funds transferred into the Plan or out of the Plan subject to a penalty.  The members of the Class are so numerous that joinder of all members is impractical.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

5.3  Commonality.  The claims of Plaintiff and all Class members originate from Defendants' uniform wrongful conduct, breaches of fiduciary duties, and violations of ERISA.  Furthermore, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  The many questions of law and fact common to the Class include:

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 5
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

a.   Whether Defendants have violated Section 305 of ERISA;

b.   Whether Defendants have violated Section 204 of ERISA;

c.   Whether Defendants have violated the Plan document;

d.   Whether Defendants have violated the Electrical Industry Pension Reciprocal Agreement, as adopted by the Plan;

e.   Whether Defendants breached their fiduciary duties under ERISA;

f.   Whether Defendants' acts and omissions proximately caused losses to Plaintiff and Class Members; and

g.   Whether Plaintiff is entitled to equitable relief to enjoin prohibited actions, reform the Plan, or to prevent unjust enrichment.

5.4  Typicality.  The claims of the representative Plaintiff are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

5.5  Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests that are contrary to or that conflict with those of the proposed Class.

5.6  Predominance.  Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy.

5.7  Superiority.  Plaintiff and Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation because

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a

2   forum for small claimants, and deters illegal activities.  Plaintiffs and their counsel are unaware of

3   any litigation that has already commenced concerning Defendants' actions.  There will be no

4   significant difficulty in the management of this case as a class action.  The Class members are

5   readily identifiable from Defendants' records.  The Plaintiff, other class members, and at least one

6   Defendant reside within the Western District of Washington, and the Defendants' wrongful

7   conduct occurred in Washington state.

8       5.8  <u>Appropriateness of Injunctive and Declaratory Relief</u>.  Defendants have acted on

9   grounds generally applicable to the Class, thereby making final injunctive relief or corresponding

10  declaratory relief appropriate with respect to the Class as a whole.  Furthermore, the prosecution

11  of separate actions by individual members of the Class would create a risk of inconsistent or

12  varying adjudications with respect to individual members of the Class that would establish

13  incompatible standards of conduct for Defendants.

14                  **VI.**    **FIRST CLAIM FOR RELIEF**

15      6.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in

16  the preceding paragraphs.

17      6.2  Plaintiff seeks relief under 1132(a)(1)(B), on behalf of himself and the Plan, to recover

18  contributions due him under the Plan; to enforce his rights to either a benefit accrual or reciprocity

19  transfer pursuant to the terms of the Plan; and to clarify his rights with respect to future reciprocity

20  contributions or accruals under the terms of the Plan and reciprocity agreement referenced therein.

21                **VII.**    **SECOND CLAIM FOR RELIEF**

22      7.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in

23  the preceding paragraphs.

24      7.2  Plaintiff seeks relief under 1132(a)(2), on behalf the Plan, to remedy the fiduciary

25  breaches of Defendants relating to: violation of the statutory provisions of ERISA Sections 204

26  and 305; improperly interpreting or amending the Plan; violating reciprocity agreements; and

27  violating the Plan document and the other instruments governing the Plan.

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 7
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## VIII.   THIRD CLAIM FOR RELIEF

8.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2  Plaintiff seeks relief under 1132(a)(3), on behalf of himself and the Plan, to enjoin the acts of the Defendants in improperly administering the Plan; to redress the statutory violations of ERISA Sections 204 and 305; to revoke any improper amendment and reinstate the lawful provisions of the Plan; to reform the Plan document; and to remedy any unjust enrichment.

## IX.   PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself, the Plan and the Class, pray for judgment against Defendants as follows:

A.   Certification of the proposed Class pursuant to Rule 23(b)(1) or (b)(2), or in the alternative (b)(3), of the Federal Rules of Civil Procedure;

B.   Appoint the undersigned counsel as Class counsel;

C.   Appoint Richard Lehman as Class representative;

D.   Declare that Defendants are financially responsible for notifying Class members of their wrongful conduct.

E.   Declare that Defendants breached the Plan and/or instruments governing the Plan;

F.   Declare that Defendants breached their fiduciary duties;

G.   Enjoin Defendants from engaging in wrongful conduct or actions;

H.   Award Class members their contributions wrongfully withheld and the earnings thereon, or alternatively award a minimum accrual based on such contributions;

I.   Reform the Plan documents;

J.   Declare that contributions wrongfully withheld plus the earnings thereon should be transferred to members' Home Trust;

K.   Award attorney fees pursuant to either a common fund or pursuant to ERISA 502(g), 29 U.S.C. 1132(g), or both.

L.   Grant such other relief as the Court deems necessary, just and proper.

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 8
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 29th day of May, 2014.

2                                    Davis Wright Tremaine LLP
                                     Attorneys for Richard Lehman and the Class
3

4

5    By /s/ Richard J. Birmingham
                                     Richard J. Birmingham, WSBA #8685
6                                    Suite 2200
                                     1201 Third Avenue
7                                    Seattle, WA  98101-3045
                                     Telephone: 206-622-3150
                                     Fax: 206-757-7700
8                                    E-mail: richardbirmingham@dwt.com

9

10                                   Davis Wright Tremaine LLP
                                     Attorneys for Richard Lehman and the Class
11

12   By /s/ Joseph P. Hoag
                                     Joseph P. Hoag, WSBA #41971
13                                   Suite 2200
                                     1201 Third Avenue
14                                   Seattle, WA  98101-3045
                                     Telephone: 206-622-3150
15                                   Fax: 206-757-7700
                                     E-mail: josephhoag@dwt.com
16

17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 9
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on May 29, 2014, I electronically filed the attached **First Amended ERISA Complaint—Class Action** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Urban, Esq.
Nathan R. Ring, Esq.
4270 S. Decatur Blvd., Ste. A-9
Las Vegas, NV 89103
(702) 968-8087
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com

DATED this 29th day of May, 2014.

Davis Wright Tremaine LLP
Attorneys for Richard Lehman and the Class

By /s/ Joseph P. Hoag
Joseph P. Hoag, WSBA #41971
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: josephhoag@dwt.com

FIRST AMENDED ERISA COMPLAINT-CLASS ACTION
2:13-cv-01835-RSM – 10
DWT 24200060v1 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax