THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEHMAN, on behalf of himself and others similarly situated, | No. 2:13-cv-01835 |
| Plaintiffs, | CLASS ACTION |
| v. | **REPLY IN SUPPORT OF MOTION FOR DAMAGES AND REQUEST FOR NOTICE AND REVIEW PROCEDURE** |
| WARNER NELSON; WILLIAM BECK, JR., BRIAN BISH, KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES, CLIF DAVIS, TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan, | **NOTE ON MOTION CALENDAR: April 17, 2015** <br><br> **(ORAL ARGUMENT REQUESTED)** |
| Defendants. | |

## I. INTRODUCTION

Defendants and Plaintiffs are in agreement, based solely on the records of the IBEW Pacific Coast Pension Fund, as to (i) the amounts wrongfully withheld; (ii) the Trust's earnings thereon, and (iii) the calculation of the earnings on the amount withheld. Therefore, the Plaintiffs ask that the Court enter the proposed Preliminary Order, submitted herewith, which orders damages of: (i) $1,911,116.49 as the amount wrongfully withheld, (ii) earnings of $562,016.28 through February 2015, and (iii) additional earnings at the actual rate of earnings by the IBEW

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM – 1
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Pacific Coast Fund through the date of the actual transfer of the withheld contributions to the applicable Home Fund.

Despite the fact that the parties are in agreement as to the amount of damages, based on the Defendants' own records and the prior order of this Court, the Defendants once again, despite warnings from this Court, are attempting to relitigate issues that this Court has already resolved. The Defendants now argue that the proper measure of damages is not what their Trust earned on the amount withheld, but what the Home Trust would have earned on those amounts if timely transferred. For the reasons set forth below, this argument should be rejected as untimely.

Moreover, when informed of this new argument, Plaintiffs contacted the various Home Trusts and asked for their rates of return over the relevant time period. *See*, Second Declaration of Joseph P. Hoag, ¶¶ 3-5. As of this date, we have received the rates of return for approximately 90% of the withheld amounts. *Id.* at ¶ 4 & Ex. B. The results of our analysis indicate that the Defendants' approach would require them to transfer substantially more money than what they earned. *Id.* at ¶ 5 & Ex. C. For example, Plaintiffs' calculations indicated that the relevant Home Trusts earned 2-15% more than the Pacific Coast Trust over the relevant time period. *Id.* Thus, Defendants are advocating for an approach that would require transfer of more trust assets and not less trust assets to the Plaintiffs. As ERISA is not designed to be punitive and the Pacific Coast Trust is in rehabilitation status, we ask the Court to save the Trust from its own counsel and enforce its prior order and reject the Defendants' new argument as untimely and punitive.

However, Defendants' recent argument and Plaintiffs' recent contact with the Home Funds suggests the need for a Notice and Review period before this Court's Order becomes final. Based on the Pacific Coast Trust records, Plaintiffs notified the Puget Sound Trust that $1,377,156.90 was wrongfully withheld. *Id.* at ¶ 2. The Puget Sound Trust informed us that their records show that $1,570,458 was wrongfully withheld. *Id.* & Ex. A. While we may be able to reconcile these differences, the degree of magnitude suggests the need for a Notice and Claim review process, prior to the entry of a Final Order by this Court. The Plaintiffs, therefore, suggest the following procedure:

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM – 2
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1. The Court enter the attached Preliminary Order on damages;

2. Within 14 days of entry, the Plaintiffs, with addresses provided by the Defendants within seven days of the Preliminary Order, shall send a Notice to each of the Home Funds informing them of the Court's Preliminary Order and providing the Home Funds with a list of the relevant Class Members, their Social Security number and the amounts withheld;

3. The Home Funds will have 30 days to reconcile the Class Member data and inform the Plaintiffs and Defendants of any disagreement;

4. Plaintiffs and Defendants will have 14 days from the date of Notice of any disagreement to resolve any discrepancies;

5. If the Parties cannot resolve the same, the Court will resolve the dispute; and

6. After the claims have been resolved, a Final Order will be entered by this Court.

As previously indicated, Plaintiffs have contracted the Home Funds and the only fund that noted a discrepancy was the Puget Sound Trust. We anticipate that the differences will be reconciled, but the magnitude of difference suggests that due process requires the entry of a Preliminary Order and a formal notice and claims process before entry of a Final Order.

## II. ARGUMENT

### A.   Defendants' Attempt to Re-Litigate Settled Issues is Untimely and Improper.

Defendants do not dispute that this Court previously held that the Plaintiffs are entitled to a transfer of all reciprocity contributions wrongfully withheld, "and any earnings thereon." *Order on Plaintiff's Motion for Clarification*, Dkt. # 51 at 2. Nor do Defendants dispute that this Court reiterated this holding when the Court rejected Defendants' untimely attempt to recast the Court's order granting Plaintiffs' motion for summary judgment in part. *Order Granting Plaintiffs' Motion to Enforce or Clarify*, Dkt. # 63 at 3. Similarly, the Defendants raised no argument in opposition when Plaintiffs sought to clarify that the proper measure of damages included the Defendant-administered Plan's earnings on withholdings. Nor did Defendants move the Court for reconsideration of the Court's order clarifying such relief, as provided in Local Rule 7(h). Instead, Defendants now seek to disguise an untimely motion for reconsideration as their Response to

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM  – 3
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Plaintiff's Motion for Damages. Defendants cite no authority and make no argument why this Court should permit Defendants to circumvent Local Rule 7(h) and re-litigate this issue at this time. The Court's prior orders are clear and should not be disturbed.[1]

Defendants and Plaintiffs agree on the amounts the Defendants wrongfully withheld and the amounts the Defendants earned on those withholdings. *Defendants' Response to Motion for Damages*, Dkt. # 69 at 1-2. There is nothing left to decide. Because the Court's prior orders are clear, the Court should reject Defendants' position and, once again, hold that Plaintiffs are entitled to all wrongful withholdings, from July 1, 2008 to the present, and all earnings thereon, as measured by the rate of return of the Defendant-administered IBEW Pacific Coast Pension Plan.

### B. Defendants' Potential Errors Mandate a Claim and Review Process Before Entry of Final Order

As previously indicated, Defendants' records indicate that $1,377,156.90 should be transferred to the Puget Sound Trust, while the Puget Sound Trust's records indicate that $1,570,458 should be transferred. The degree of magnitude of the difference mandates that notice and a claim review process be put in place before the entry of a final Order. Therefore, the Plaintiffs ask the Court to approve the following notice and claims process:

1. The Court enter the attached Preliminary Order on damages;

2. Within 14 days of entry, the Plaintiffs, with addresses provided by the Defendants within seven days of the Preliminary Order, shall send a Notice to each of the Home Funds informing them of the Court's Preliminary Order and providing the Home Funds with a list of the relevant Class Members, their Social Security number and the amounts withheld;

3. The Home Funds will have 30 days to reconcile the Class Member data and inform the Plaintiffs and Defendants of any disagreement;

---

[1] As a practical matter, Plaintiffs' initial calculations suggest that Plaintiffs' recovery will be greater if the Court adopts the Home Funds' rates of return as the measure of earnings damages, as advocated by the Defendants in their Response to Plaintiffs' Motion for Damages. *See* Second Hoag Decl., ¶ 3 & Exs. B & C. Plaintiffs have not pursued this relief because Plaintiffs believe this Court has definitively ruled on the issue.

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM  – 4
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

4. Plaintiffs and Defendants will have 14 days from the date of Notice of any disagreement to resolve any discrepancies;

5. If the Parties cannot resolve the same, the Court will resolve the dispute; and

6. After the claims have been resolved, a Final Order will be entered by this Court.

## III. CONCLUSION

The time has long passed for Defendants to argue that Plaintiffs are not entitled to the Defendant-administered IBEW Pacific Coast Pension Plan's earnings on wrongful withholdings. Defendants do not argue otherwise and have agreed to the damages calculated. This Court should grant Plaintiffs' Motion for Damages and again hold that Plaintiffs are entitled to the Defendant-administered Plan's earnings on the wrongful withholdings. The Court should enter a Preliminary Order on damages and order a notice and review period before a Final Order on damages is entered by this Court. A proposed Preliminary Order, containing a notice and claim review procedure is attached for the convenience of the Court.

DATED this 17th day of April, 2015.

Davis Wright Tremaine LLP
Attorneys for Richard Lehman and the Class

By /s/ Richard J. Birmingham
Richard J. Birmingham, WSBA #8685
Joseph P. Hoag, WSBA #41971
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: richardbirmingham@dwt.com
josephhoag@dwt.com

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM – 5
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on April 17, 2015, I electronically filed the attached **Reply in Support of Motion for Damages** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Urban, Esq.
Nathan R. Ring, Esq.
4270 S. Decatur Blvd., Ste. A-9
Las Vegas, NV 89103
(702) 968-8087
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com

DATED this 17th day of April, 2015.

    Davis Wright Tremaine LLP
    Attorneys for Richard Lehman and the Class

By */s/ Richard J. Birmingham*
    Richard J. Birmingham, WSBA #8685
    Suite 2200
    1201 Third Avenue
    Seattle, Washington  98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: richardbirmingham@dwt.com

REPLY ISO MOTION FOR DAMAGES
2:13-cv-018350-RSM – 6
DWT 26667060v2 0098279-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax