UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEHMAN on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER NELSON; WILLIAM BECK, JR.; BRIAN BISH; KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES; CLIF DAVIS; TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan,<br><br>Defendants. | Case No. C13-1835RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION |

     This matter comes before the Court on Plaintiffs' Motion for Reconsideration of this Court's prior Order awarding Plaintiffs Attorney's Fees. Dkt. #97. Plaintiffs argue that the Court's Order commits "a probable math error" in its calculation of the award. *Id.* This error "was the result of the way Plaintiffs presented the evidence" of their requested lodestar and the

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

attorney hours spent on achieving the common fund award. *Id.* at 1. While Plaintiffs have the Court's attention, they also "request the Court revisit the issue of national vs. regional rates," i.e. the rate used to calculate the lodestar. *Id.* at 2.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

**A. Double Recovery of Hours Attributable to the Common Fund Award**

As to the issue of the attorney hours associated with the common fund award, the Court accepts the unopposed assertion by Plaintiffs that 105.2 hours, submitted by Plaintiffs in an invoice to the Court and used to calculate the lodestar, would constitute a double recovery as these hours were attributable to the common fund award. Dkt. # 97 at 3. The Court will correct this error by reducing the award by 105.2 hours multiplied by the Court's imposed rate of $350/hour. This reduction of $36,820 will bring the total lodestar award to $231,297.50. This reduction shall not affect Defendants' obligations to pay the common fund award or costs.

**B. Reasonable Attorney Rate Used to Calculate the Lodestar**

As to the issue of revisiting the attorney rate imposed by the Court, Plaintiffs argue that its attorney rates were not contested by Defendants, thus Defendants did not initially present evidence of regional rates in its Motion. *Id.* at 2. Defendants now present additional evidence of the appropriateness of their requested rates in the form of three declarations from local attorneys and one declaration from an attorney located in Washington, D.C. *See* Dkt. ## 99-102. Plaintiffs also present evidence that a state court in Oregon awarded fees based on a rate of $435 per hour for Mr. Birmingham, lead counsel on this case. *See* Dkt. #97 at 4-5.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

In the Ninth Circuit, billing rates are established by reference to the fees charged by private attorneys of comparable ability for legal work of similar complexity. *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). Plaintiffs attempted to justify their requested rate by citing to "the rates actually charged the prevailing party," a method explicitly excluded by the above case law. *Id.*; *see* Dkt. #78 at 5. Plaintiffs also attempted to justify their rate by citing to rates charged in three California cases. Dkt. #78 at 6. Although the Court considered such citations informative, ultimately the Court concluded that rates charged in the relevant community—the forum in which the Court sits— were more appropriate. *See* Dkt. #96 at 5-6 (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008)). Given the failure of the parties to timely present evidence of comparable fees charged in the local community, the Court conducted its own investigation and, given the class action nature of this case, used its discretion to award a rate at the *higher* end of fees actually awarded in Western Washington. Dkt. #96 at 7.

Plaintiffs do not argue that the rate imposed by the Court constitutes "manifest error" under LCR 7(h)(1). Plaintiffs fail to show that the additional evidence they are presenting now constitute "new facts or legal authority" as opposed to information available to Plaintiff's counsel at all times. *See* LCR 7(h)(1). Plaintiffs fail to show why they could not have brought this additional evidence to the attention of the Court earlier with reasonable diligence. It is not enough to argue that Defendants failed to raise the need for regional rates in their Response. Plaintiffs had the burden of submitting appropriate evidence supporting their claimed rate. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The Court will not

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION - 3

now revisit its Order given the absence of manifest error or a showing of new facts or legal authority previously unavailable.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion for Reconsideration, Dkt. #97.  The Court hereby finds and ORDERS:

1. For the reasons set forth above, Defendants shall pay Plaintiffs' attorneys' fees in the **revised** amount of **$231,297.50**.  This number replaces the original award of $268,117.50 found in the Court's Order at Dkt. #96.

2. The $19,851.30 in costs, $138,004.07 common fund award, and $10,000 class contribution award set forth in the Court's Order at Dkt. #96 remain unaltered.

DATED this 21st day of August 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION - 4