UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEHMAN on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER NELSON; WILLIAM BECK, JR.; BRIAN BISH; KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES; CLIF DAVIS; TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan,<br><br>Defendants. | Case No. C13-1835RSM<br><br>ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Second Motion for Summary Judgment. Dkt. #117. Defendants oppose this Motion. Dkt. #119. The Court has determined that oral argument is unnecessary. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion and enters summary judgment in favor of Plaintiffs.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 1

# I. BACKGROUND

This case involves Defendant trustees of the IBEW Pacific Coast Pension Fund's allegedly improper withholding of funds from transfer to the home funds of travelers operating outside their jurisdiction and within the jurisdiction of the IBEW Pacific Coast Pension Fund ("Pacific Coast Fund."). To understand why and how the withholding of these funds could be improper requires a reading of several key documents, including the Pension Plan of the Pacific Coast Fund (hereinafter, the "Pension Plan" or the "Plan"), the National Electrical Industry Pension Reciprocal Agreement (hereinafter, the "Reciprocity Agreement" or the "Agreement"), and Amendments 14 and 24 to the Pension Plan.

The background facts of this case have already been summarized in the Court's prior Order on Motions, and those facts are incorporated by reference. *See* Dkt. #48.[1] At that time, the Court found that "[t]he plain language of Article 5 of the Pension Plan precludes withholding of any funds subject to reciprocity transfer," because "Section 5.04 mandates that the Pension Plan collect and transfer '*all* contributions received on behalf of the Employee,' and because "[t]he Agreement bars withholdings for the purposes of subjecting transfers to an 'administrative fee' or 'for any other reason.'" Dkt. #48 at 2 and 13 (emphasis in original).

Based on the stipulation of the parties, the Court certified a Class on December 4, 2014, with Plaintiff Richard Lehman as class representative. Dkt. #57. Later, the Court granted summary judgment for Plaintiffs and awarded damages of $1,911,116.49 in wrongfully withheld funds and $562,016.28 in earnings thereon. *See* Dkt. #74. These damages were found to be warranted based on improper withholdings under Amendments 14 and 24 to the Plan. *See* Dkts. #63 and #74. On May 26, 2015, Defendants filed an appeal with the Ninth Circuit (case

---

[1] In addition, the background facts of this case have been summarized by the Ninth Circuit in its July 14, 2017, Opinion. *See* Dkt. #112.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 2

number 15-35414) appealing this Court's Order on Motions (Dkt. #48), Order Granting Plaintiff's Motion to Enforce or Clarify (Dkt. #63), and Order Granting Plaintiff's Motion for Damages (Dkt. #74). Dkt. #88.

On July 14, 2017, the Ninth Circuit affirmed this Court's ruling regarding Amendment 14, but found that the claims with regard to Amendment 24 had not been fully analyzed or briefed, and remanded for further proceedings. Dkt. #112 at 37–38. In pertinent part, the Ninth Circuit stated:

> Because the class raised the issue of contributions withheld under Amendment 24's Rehabilitation Plan for the first time in their second motion to enforce or clarify the district court's summary judgment order, and the district court's order did not analyze whether the Trustees abused their discretion by interpreting Amendment 24 to apply to contributions transferred out of the Pacific Coast Fund, the district court erred by awarding damages for withholdings under the Rehabilitation Plan. We vacate the damages award with respect to withholdings under Amendment 24 because the Trustees did not have notice that those withholdings were at issue nor an opportunity to respond.
>
> At oral argument, the Trustees explained that with proper notice they would have argued that travelers are not entitled to the required increases in employer contributions in the default and alternative schedules under Amendment 24's Rehabilitation Plan because the Pension Protection Act of 2006 required the Trustees to increase employer contributions once the Fund entered critical status, and the increased contributions would be analogous to surcharge payments under the Act. The class does not maintain that they are entitled to the surcharge payments withheld under Amendment 24, and the district court did not wrestle with the interaction between the Pension Protection Act's requirements, which are aimed at shoring up plans that enter critical status, and Amendment 24, which purports to increase the "pass through" employer contributions for travelers. We therefore remand to the district court for further proceedings consistent with this opinion.

*Id.* at 26–27.

To the extent not previously discussed in this case, the Court will summarize the facts surrounding Amendment 24. Under the Pension Protection Act of 2006, plans deemed in "critical status" must "adopt and implement a rehabilitation plan" to "enable the plan to cease to be in critical status by the end of the rehabilitation period." 29 U.S.C. § 1085(a)(2)(A).

On July 1, 2008, Defendants took such action by passing Amendment 14 to the Pacific Coast Plan, previously addressed by this Court and the Ninth Circuit. Despite this effort, in June of 2009, the Pacific Coast Plan's actuary certified that the Plan was in "critical status" for the plan year beginning April 1, 2009. The Pacific Coast Plan then adopted Amendment 24, a rehabilitation plan, as contemplated by the Pension Protection Act. Dkt. #31-5 (Amendment 24 to the Pacific Coast Plan). For Travelers receiving contributions at a rate of less than $3.00 per hour, Amendment 24 mirrors Amendment 14 and imposes a $1.00 hourly withholding from each hourly contribution. *See id.* at 6. Amendment 24 also required employers to make increased contributions, and those increased contributions were withheld by the Trustees for funding improvement and not transferred to the Travelers' Home Fund. *See id.* At the time the Rehabilitation Plan, Amendment 24, went into effect the standard employer contribution made on behalf of Mr. Lehman and other employees was $4.62 an hour. *See* Dkts. #24 at 84; #24-1 at 48. The default schedule increased this contribution rate by 121.8% to $5.62 an hour, with the extra dollar an hour designated for fund improvement. Thus, under the default schedule, $1 per hour would continue to be withheld from the employer contributions made on behalf of Mr. Lehman or other Travelers. The schedules under the Rehabilitation Plan were, therefore, designed at a minimum to incorporate the results of amendment 14: at least $1 per hour would be withheld by the Plan from employer contributions and used by the Plan for funding improvement, rather than transferring that amount as required by the Reciprocity Agreement.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 4

Over time, the percentages under the Rehabilitation Plan schedules increased. Instead of continuing to withhold a $1 an hour, the Trustees withheld as much as $9.06 under the default schedule and more was withheld under the alternative schedules. *See* Dkts. #31-2 and #31-5. Amendment 24 also modified Article 5 of the Plan Document by adding a new Section 5.09, which states: "any provision in this Article which is inconsistent with the requirements of Article 16, the Rehabilitation Plan, shall be superseded by the provisions contained within Article 16, except to the extent otherwise required by applicable law or regulations." Dkt. #31-5 at 3.

Plaintiffs argue that by enacting Amendment 24 and withholding a portion of pension contributions made to the Travelers' Home Funds, Defendants violated Article 5 of the Pacific Coast Plan and ERISA in the same way that the Court already found to be the case for Amendment 14.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

The federal common law of ERISA guides the Court's interpretation of the Plan terms and instructs that unambiguous Plan language is to be given its presumed intended effect. *See Carr v. First Nationwide Bank*, 816 F.Supp. 1476, 1493 (N.D. Cal. 1993) (citing *Alexander v. Primerica Holdings, Inc.*, 967 F.2d 90, 93 (3d Cir. 1992)). The Court interprets the plain language of the Plan "in an ordinary and popular sense as would a person of average intelligence and experience." *Tapley v. Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Plan*, 728 F.3d 1134, 1140 (9th Cir. 2013) (internal quotations omitted). At the same time, the Plan is to be construed as a whole and the specific language of each provision interpreted in the Plan's entire context. *Carr*, 816 F.Supp. at 1493. Even where a Plan extends discretionary authority to Trustees to construe its terms, Trustees violate this authority and abuse their discretion where they construe provisions of a plan in a way that conflicts with the Plan's plain language, renders nugatory other provisions, or lacks a rational connection to the Plan's primary purpose. *Tapley*, 728 F.3d

at 1140; *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997) ("Each provision in an agreement should be construed consistently with the entire document such that no provision is rendered nugatory.").

**B. Analysis**

Plaintiffs argue the Ninth Circuit remanded this case "to give Defendants the opportunity to make any additional arguments they previously omitted with regard to Amendment 24." Dkt. #117 at 5. Plaintiffs argue that "[t]he Defendants previously had four opportunities to raise their arguments before this Court," and that "[n]o additional argument can change this Court's original determination that all contributions must be transferred to the Travelers' Home Fund." *Id*. Plaintiffs point to Article 5 of the Pacific Coast Plan, which requires the Plan to "transfer to [each Traveler's] Home Pension Fund all contributions received on behalf of the Employee." Pacific Coast Plan, Art. 5, Sec. 5.04. Plaintiffs argue that this requires the Court to find the same result under Amendment 24 as its previous ruling on Amendment 14. Plaintiffs preempt the expected defense argument that "the Pension Protection Act contributions are surcharges under the Pension Protection Act and, therefore, such contributions are not subject to the Reciprocity Agreement or Article 5 of the Pacific Coast Plan." Dkt. #117 at 15. Plaintiffs state:

> There is simply no evidence of any of the damage calculations being based on a surcharge imposed by the Pension Protection Act. *See, Bd. of Trustees, IBT Local 863 Pension Fund v. C&S Wholesale Grocers, Inc.*, 802 F.3d 534, 543-44 (3rd Cir. 2015) (surcharges that arise outside the collective bargaining agreement are not employer contributions; employer contributions are those contributions made under a funding improvement schedule adopted pursuant to collective bargaining). There are no surcharges before this Court at this time, only employer contributions, which the Ninth Circuit said are subject to the Reciprocity Agreement. Ninth Circuit *Lehman* Opinion at 29-30.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 7

*Id.* Plaintiffs argue that "any other argument Defendants might make retreads the same argument the Defendants raised, and this Court rejected, regarding Amendment 14." *Id.*

In Response, Defendants first argue that the Plaintiffs' claims under Amendment 24 are not properly before this Court because "(1) their Amended Complaint does not request turnover of non-benefit contributions under Amendment 24 to the Plan Document and (2) even if their Amended Complaint did state a claim for non-benefit contributions under Amendment 24 to the Plan Document, they do not have an appropriate class representative to seek relief on those claims." Dkt. #119 at 2. The Ninth Circuit supports Defendants' criticism of the Amended Complaint, finding that it "did not provide adequate notice that the plaintiffs sought to recover contributions withheld under Amendment 24…" Dkt. #112 at 20. Turning to the substance of this Motion, Defendants argue that Amendment 24 does not violate Article 5 of the Plan because the contributions under Amendment 24 were "non-benefit contributions," and therefore were not required to go toward any accrual of benefits for participants in the Plan. Dkt. #119 at 8–10. Defendants argue that this is a critical difference between Amendments 14 and 24, and that therefore the Court should reach a different outcome. Defendants also rely on the fact that Amendment 24 superseded provisions in Article 5 by amending Article 5 itself with a new Section 5.09, cited above. *Id.*; *see* Dkt. #31-5 at 3. Finally, Defendants argue that Amendment 24 was required under the Pension Protection Act of 2006. Dkt #119 at 13–14 (citing 29 U.S.C. § 1085).

On Reply, Plaintiffs argue that their Amendment 24 claims are properly before the Court as the Ninth Circuit's Order "contemplated that this court would address the issue on the merits," recited substantive defense arguments on Amendment 24, and remanded for further proceedings consistent with the opinion. Dkt. #120 at 12. Plaintiffs also argue that, by

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 8

Defendants cross-moving for summary judgment on the Amendment 24 issue, they have consented to a decision on the merits and the issue should be treated as if raised in the pleadings under Rule 15(b)(2). *Id.* at 13 (citing Dkt. #119 at 2 ("…Defendants are actually entitled to entry of summary judgment in their favor concerning the Plaintiff's claims for transfer of non-benefit contributions under Amendment 24 to the Plan Document.")). Plaintiffs argue that Defendants consented to Mr. Lehman as a class representative for individuals bringing claims for any contributions whether withheld under Amendment 14 or 24, and that this is proper under ERISA. *Id.* at 14–15 (citing 29 U.S.C. § 1132(a)(1)(B)). Plaintiffs argue that Defendants' attack on Mr. Lehman should have been brought in a motion for de-certification rather than in response to a motion for summary judgment. *Id.* at 16 n.8. Substantively speaking, Plaintiffs argue that the Ninth Circuit has "rejected the Defendants' attempt to 'decouple' the collectively bargained contributions into 'benefit' and 'non-benefit' contributions." Dkt. #120 at 6 (citing Dkt. #112 at 29–30). Plaintiffs argue that Defendants' reading of "contribution" is clearly erroneous as it "adds language to the Plan that is not there, *i.e.* 'non-benefit contributions…' [and] is inconsistent with ERISA and the Reciprocity Agreement [in that] all the payments must be used for the exclusive purpose of providing benefits to either Permanent or Temporary Employees." *Id.* at 7 (citing the Ninth Circuit Decision; *Tapley*, 728 F.3d at 1140; and *Richardson*, 112 F.3d at 985). Plaintiffs argue it makes no difference that Amendment 24 was adopted under the Pension Protection Act, and that the Act has generally no effect on the analysis of this case. *Id.* at 9–10. Plaintiffs argue that "[n]othing in the Pension Protection Act prohibits or requires Defendants or the Pacific Coast Plan to use reciprocity contributions to fund the Pacific Coast Plan." *Id.* at 9 (citing

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 9

*Trustees of the U.A. Local 38 Defined Benefit Pension Plan v. Trustees of the Plumbers & Pipe Fitters Nat'l Pension Fund*, 672 Fed. Appx. 692 (9th Cir. 2016 (unpublished)).

As an initial matter, the Court finds that there is no procedural reason why a claim for damages under Amendment 24 cannot be before the Court now, after extensive briefing by the parties here and on appeal and after Defendants have implicitly consented to addressing this issue by cross-motioning for summary judgment. *See* Fed. R. Civ. P. 15(b)(2); *Curtis v. Illumination Arts*, No. C12-0991JLR, 2013 U.S. Dist. LEXIS 167456, *35, 2013 WL 6173799 (W.D. Wash. November 21, 2013) (citing *Lone Star Sec. & Video, Inc. v. City of L.A.*, 584 F.3d 1232, 1235 n.2 (9th Cir. 2009); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154–55 (9th Cir. 2014)). To require Plaintiffs to amend their Complaint would provide no additional notice to Defendants and would waste judicial resources. Furthermore, Defendants' attack on Mr. Lehman as class representative rings hollow, as Defendants stipulated to Mr. Lehman as a class representative for individuals bringing claims for any contributions and because they have failed to bring this challenge previously despite ample notice.

Turning to the substantive arguments, the Court has reviewed the new briefing of the parties on Amendment 24 and agrees with Plaintiffs that it violates the plain language of Article 5 of the Plan. Whether or not Defendants are granted deference in construing the terms of the Plan, the Court finds that Defendants' arguments in support of their interpretation of Amendment 24 fail even under the deferential abuse-of-discretion standard. *See Tapley*, 728 F.3d at 1139 (explaining deference and abuse of discretion standard). Section 5.04 mandates that the Pension Plan collect and transfer "all contributions received on behalf of the Employee." Dkt. #24, Ex. A, p. 29 (emphasis added). The Court agrees with Plaintiffs that Defendants cannot simply label the collectively bargained contributions "benefit" and "non-

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 10

benefit' contributions" to get around Article 5 of the Plan, and that nothing in the Pension Protection Act prohibits or requires Defendants or the Pacific Coast Plan to use reciprocity contributions to fund the Pacific Coast Plan. Accordingly, the Court will grant summary judgment on this issue in favor of Plaintiffs.

## C. Remedy

Plaintiffs seek the transfer to their respective Home Funds of all contributions withheld under Amendment 24, as well as all earnings thereon. *See* Dkts. #117-1; #120-1. Plaintiffs also seek an award of interest on this Court's prior damages award with regard to contributions made under Amendment 14, given the passage of time caused by the appeal to the Ninth Circuit, which affirmed that portion of the Court's Order. *See id.* Defendants oppose summary judgment generally, and do not address these specific remedies. The Court finds them to be appropriate in this case.

## III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiffs Motion for Summary Judgment, Dkt. #117, is GRANTED.

2) The Plaintiff Class is entitled to a transfer of all contributions withheld under Amendment 24 to their respective Home Funds, including all earnings upon contributions withheld under Amendment 24.

3) Until Article 5 of the Pacific Coast Plan is amended or Defendants terminate the Pacific Coast Plan's participation in the Reciprocity Agreement, Defendants are enjoined from withholding any future contributions covered by Article 5 of the

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT - 11

Pacific Coast Plan, including withholdings under Amendment 24 to the Pacific Coast Plan, from temporary employees subject to the Reciprocity Agreement.

4) The Defendants shall cause any language in the Pacific Coast Pension Plan Document that purports to authorize the withholding of any portion of reciprocity contributions from transfer out of the Pacific Coast Pension Plan to Traveler Home Funds, pursuant to the Reciprocal Agreement, to be stricken or otherwise nullified and given no effect.

5) Plaintiffs shall file a motion setting forth the total amount to be transferred to the Class Members' Home Funds. Plaintiffs shall be entitled to all necessary information from Defendants to determine total damages.

6) Plaintiffs shall file a separate motion for attorney fees setting forth the basis for and amount of fees requested.

7) This Court shall hold a telephonic scheduling conference with the parties on a date to be set by the Court to determine a schedule for discovery pertaining to damages, a motion on damages, and a motion for attorneys' fees.

DATED this 9 day of January, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE