# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RICHARD LEHMAN on behalf of himself and others similarly situated,

Plaintiffs,

v.

WARNER NELSON; WILLIAM BECK, JR.; BRIAN BISH; KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES; CLIF DAVIS; TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan,

Defendants.

Case No. C13-1835RSM

ORDER DENYING JANUARY 23, 2018, MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendants' January 23, 2018, Motion for Reconsideration. Dkt. #123. Defendants initially asserted that the Court's Order on Plaintiffs' Second Motion for Summary Judgment includes manifest error by 1) holding that Mr. Lehman can be class representative for amounts under Amendment 24 to the Plan Document, and 2)

ORDER DENYING JANUARY 23, 2018, MOTION FOR RECONSIDERATION - 1

holding that Plaintiffs were not required to amend their Amended Complaint. *Id*. On January 24, 2018, the Court issued a Minute Order requesting a response from Plaintiffs. Dkt. #124. Plaintiffs filed their Response on February 7, 2018. Dkt. #127. On February 22, 2018, the parties filed a Stipulation which, *inter alia*, withdrew Defendants' objection to Mr. Lehman as Class Representative as set forth in Defendants' Motion for Reconsideration. Dkt. #129. The Court will therefore only address Defendants' second argument.

Defendants believe it was error to rule on Amendment 24 claims without requiring amendment to the Complaint for a couple of reasons. First, Defendants argue the Court's conclusion that they "consented to judgment on amounts under Amendment 24 by moving for summary judgment" was "both a manifest error of law and fact" because "[t]he Trustees did not move for summary judgment on amounts under Amendment 24." Dkt. #123 at 6. However, Defendants acknowledge that they "made one passing reference to being entitled to summary judgment in their briefing while spending the vast entirety of their Response attacking the Plaintiffs' claim to summary judgment and judgment as a matter of law." *Id*. at 7. Defendants contend they were not requesting entry of summary judgment with this passing reference, and that they "were not even in compliance with the District Court's Local Rules if they were doing so." *Id*. Second, Defendants argue that the Court "holding the Amendment 24 amounts were ripe for decision" was manifest error because it was "contrary to the Ninth Circuit's opinion" and the pleading requirements of Rule 8. *Id*.

In Response, Plaintiffs argue the Court correctly found that "there is no procedural reason why a claim for damages under Amendment 24 cannot be before the Court now, after extensive briefing by the parties here and on appeal." Dkt. #127 at 2 (citing Dkt. #122 at 10). Plaintiffs argue that Defendants did request summary judgment in their favor, and that in any

event "the posture and history of this litigation has already rendered the Class's Complaint amended to include Amendment 24." *Id*. at 7 (citing, *inter alia*, Rule Fed. R. Civ. P. 15(b)).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court has considered Defendants' arguments and finds that they fail to meet the high burden required for a Motion for Reconsideration. It was not manifest error for the Court to find "no procedural reason why a claim for damages under Amendment 24 cannot be before the Court now," given the procedural history of this case, the Ninth Circuit's ruling, Rule 15(b)(2), and the case law cited by the Court. *See* Dkt. #122 at 10. Furthermore, it was not manifest error for the Court to conclude that Defendants "implicitly consented to addressing this issue by cross-motioning for summary judgment," given that this was a reasonable interpretation of Defendants' admitted passing reference to being entitled to summary judgment.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration, Dkt. #123, is DENIED.

DATED this 26 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING JANUARY 23, 2018, MOTION FOR RECONSIDERATION - 3