# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD LEHMAN on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER NELSON; WILLIAM BECK, JR.; BRIAN BISH; KLAAS A. DeBOER; MICHAEL G. MARSH; ROCKY SHARP; RICHARD BAMBERGER; DENNIS CALLIES; CLIF DAVIS; TIM DONOVAN; HARRY THOMPSON; GARY YOUNGHANS; CLINT BRYSON; MICHAEL CHURCH; MICHAEL DOYLE; GREG ELDER; GLEN FRANZ; GARY GONZALES; CARL D. HANSON; PATRICK POWELL; GARY PRICE; SCOTT STEPHENS; ROGER TOBIN; and GRANT ZADOW, in their capacity as Trustees of the IBEW Pacific Coast Pension Plan,<br><br>Defendants. | Case No. C13-1835RSM<br><br>ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND EXPENSES |

This matter comes before the Court on Plaintiffs' second Motion for Attorneys' Fees and Costs. Dkt. #136. Plaintiffs seek a total of $804,995.50 in statutory attorneys' fees, $289,276 in Common Fund fees, and $27,465.69 in costs, as well as $15,000 and $5,000 for

ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS'
FEES AND EXPENSES - 1

class representatives. Dkt. #145 at 10; Dkt. #145-1. The Court has determined that oral argument is unnecessary.

The parties are well aware of the procedural history of this case. The Court previously awarded attorneys' fees to Plaintiffs, but granted their request only in part. *See* Dkt. #96. The Court found Plaintiffs' request for the rates of $665 and $400 per hour unreasonable, that "[i]n the Western District of Washington, the relevant community for comparison, an analysis of recent ERISA cases reveals that attorney's fees are awarded under 29 U.S.C. § 1132(g)(1) in the range of $175 to $300 per hour," and that "[a] search for ERISA class action cases in the Ninth Circuit found attorney's fees in the range of $295 to $514.60 per hour were deemed reasonable." *Id*. at 6–7 (citing cases). The Court awarded fees at a combined hourly rate of $350, basing this decision both on Plaintiffs' "absence of proper evidence" and "the Court's own review of comparable cases." *Id*. at 7. The Court also cut certain billed time as improper, found that no lodestar multiplier was warranted, and made other related rulings. The Court awarded $10,000 to the named Plaintiff in this case. *Id*. at 14–15.

Plaintiffs appealed the Court's decision as to the $350 rate, and other rulings from a prior substantive Order. Dkt. #106. Notably, neither party appealed the Court's decisions regarding the Court's calculation of the reasonable number of hours expended nor the appropriateness of the common fund award. The Ninth Circuit issued its Opinion on July 14, 2017, Dkt. #112. That Opinion remanded certain issues back to the Court for consideration. In the only section relevant to the instant Motion, the Ninth Circuit stated: "[t]he plaintiffs contest only the district court's determination of a reasonable hourly rate. Because we reverse the district court's order awarding damages with respect to Amendment 24, we also vacate the attorneys' fees award." Dkt. #112 at 37. The Ninth Circuit did not weigh in on the Court's

ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND EXPENSES - 2

analysis. In a footnote, the Ninth Circuit stated "[t]o provide clarity on remand, we note that the district court did not abuse its discretion by ruling that the relevant legal community for purposes of calculating the fee award was the Western District of Washington because that is the forum in which the district court sits." *Id* at 37 n.8.

Attorneys' fees and costs are warranted for Plaintiffs in this case, as they have prevailed and obtained all relief sought. *See* 29 U.S.C. § 1132(g)(1); Dkt. #96 at 2–4. The legal basis and test used by the Court for calculating fees has already been set forth in detail in the Court's prior Order on attorneys' fees, Dkt. #96. This time around, Plaintiffs submit significantly more factual and legal support for their requested rates of $665 for attorney Richard Birmingham, $460 for attorney Joseph Hoag, and $385 for attorney Christine Hawkins. Dkts. #138–141. Specifically, the declarations of attorneys Cliff Cantor, Derek W. Loeser, and Richard E. Spoonemore are from attorneys practicing this type of law in this legal community, and they support the requested rates. Dkts. #139–141. Defense counsel declarations demonstrating that they charge significantly lower rates are not dispositive, as the work performed by Plaintiffs' counsel in this case differed in complexity and risk. The parties also duel over awarded rates in comparable cases, however many of the ERISA cases cited by Defendants for lower awarded rates are not comparable because they involved individual plaintiffs or were otherwise not as complex as this one. The Court finds that Plaintiffs have submitted satisfactory evidence to support their requested rates. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Although the

Court previously awarded Plaintiffs a lower rate of $350, the Court is not aware of any legal basis to hold Plaintiffs to that rate from a vacated award, in the process ignoring the additional evidence provided by Plaintiffs.

Plaintiffs request rates of $275 and $255 for paralegals Jennifer Cygnor and Renee March, respectively. Defendants argue that these rates are excessive, and that "even the cases cited by Plaintiffs showed support staff rates at $180 per hour." Dkt. #144 at 4 (citing *Griffith v. Providence Health Servs., Ret. Plans Comm. et al*, No, l4-cv-0I720-JCC (W.D. Wash. 2017)). Plaintiffs do not address their paralegal rates in their Motion, and only in a footnote on Reply, noting that the paralegal rate of $220 was awarded in *Stewart v. Snohomish Cty. Pub. Util. Dist. No. 1*, 2017 WL 4538956, at *1 (W.D. Wash. Oct. 11, 2017). The Court finds that Plaintiffs have submitted insufficient evidence to support their requested rates, and will reduce this rate to $220 per hour for all paralegal work, a rate that is higher than the majority of rates mentioned by the Court in *Stewart*. There were 22.2 paralegal hours billed for a total of $6,005 dollars. *See* Dkt. #146-1 at 73. At the new rate, this would be $4,884 dollars. Accordingly, $1,121 will be subtracted from the total.

With regard to the number of hours Plaintiffs are requesting, they state:

> This Court previously found that Class Counsel had appropriately expended 766 hours of time through May 28, 2015. Dkt. No. 96 at 12. Neither party objected to or appealed that finding, and the Court should reaffirm its prior conclusion regarding hours reasonably expended through May 28, 2015. On appeal, Class Counsel expended approximately 535 hours on multiple issues and cross-appeals. As a result, the Ninth Circuit affirmed that Pacific Coast Plan amendments did not nullify ERISA rights under the Reciprocity Agreement and that earnings on improperly withheld contributions should be transferred, and vacated the prior attorney fee award. These rulings directly relate to remand proceedings before this Court. On remand, Class Counsel engaged in dispositive and other motions practice, discovery, and damages analysis and calculations. Class Counsel's total hours incurred as

ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND EXPENSES - 4

of April 19, 2018 is 1,687.2. From this total, the Class voluntarily deducts 221.6 hours as primarily attributable to the Common Fund recovery, Birmingham Decl., ¶ 4, for a total of 1,465.6 hours sought under 29 U.S.C. § 1132(g)(1), Birmingham Decl., ¶ 5 & Ex. A.

The Court generally agrees with this analysis. However, the Court has identified certain billing entries that will be trimmed or cut entirely, consistent with the Court's prior review of Plaintiffs' billing records up until May 28, 2015. These entries are listed below, with brief explanations by the Court.

| Date | Professional | Time | Amount | Description of Services |
|------|--------------|------|--------|-------------------------|
| 7/21/15 | C. Hawkins | 0.3 | 115.50 | Finalize and file notice of additional authority |
| 7/21/15 | J. Hoag | 0.1 | 46.00 | Receive and review filing |
| 7/21/15 | R. Birmingham | 0.4 | 266.00 | File supplemental authority |

These entries are duplicative of each other and reflecting only the administrative task of filing a brief with the Court. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Court will cut the entries for Attorneys Hoag and Birmingham and deduct $312 from the total award.

| Date | Professional | Time | Amount | Description of Services |
|------|--------------|------|--------|-------------------------|
| 7/7/15 | R. Birmingham | 0.5 | 332.50 | Conference with J. Hoag on mediation and claimants' appeal |
| 8/28/15 | C. Hawkins | 0.3 | 115.50 | Correspondence with R. Birmingham and J. Hoag regarding appellate procedures (0.30)… |
| 8/28/15 | J. Hoag | 0.4 | 184 | …confer and strategize with Mr. Birmingham regarding the same (0.40)… |
| 11/17/15 | C. Hawkins | 0.5 | 192.5 | …confer with R. Birmingham regarding revised appellate brief (0.50) |
| 11/20/15 | J. Hoag | 0.6 | 276 | …confer and strategize with R. Birmingham regarding response/ cross-appeal arguments and structure (.6) |
| 12/07/15 | C. Hawkins | 0.3 | 115.50 | Correspondence with J. Cygnor |

ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND EXPENSES - 5

| | | | | |
|---|---|---|---|---|
| | | | | and S. Bright regarding corrective actions for combined appellate brief filing |
| 12/9/15 | C. Hawkins | 0.4 | 154 | Correspondence with S. Bright, R. Birmingham and J. Cygnor regarding preparation of paper copies of combined appellate brief and supplemental excerpt of record for mailing (0.40)… |
| 12/10/15 | C. Hawkins | 0.3 | 115.50 | Correspondence with J. Cygnor regarding creation of excerpt of record for opening appellate brief (0.30)… |
| 12/18/15 | C. Hawkins | 0.6 | 231 | Correspondence with J. Cygnor and S. Bright regarding citation authority (0.40)… correspondence with J. Cygnor regarding preparation of appendix to brief (0.20) |
| 12/22/15 | C. Hawkins | 0.4 | 154 | correspondence with J. Hoag regarding attorney fee motions and orders (0.40) |
| 1/11/16 | C. Hawkins | 0.2 | 77 | Correspondence with S. Bright and J. Jill regarding preparation of paper copies of brief and filing requirements |
| 1/13/16 | C. Hawkins | 0.3 | 115.50 | Correspondence with R. Birmingham regarding request for streamlined extension for reply appellate brief |
| 2/10/16 | C. Hawkins | 0.4 | 154 | Confer with R. Birmingham regarding reply in support of cross appeal (0.40)… |
| 2/12/16 | C. Hawkins | 0.2 | 77 | Correspondence with J. Hoag and R. Birmingham regarding revisions to reply in support of cross appeal |
| 2/13/16 | C. Hawkins | 0.2 | 77 | Correspondence with J. Hoag and R. Birmingham regarding revisions to reply in support of cross appeal |
| 2/23/16 | C. Hawkins | 0.2 | 77 | Correspondence with R. Birmingham regarding reply in support of cross appeal |
| 3/23/16 | C. Hawkins | 0.4 | 154 | Strategize with J. Hoag regarding reply brief and |

| | | | | |
|---|---|---|---|---|
| | | | | authority for position that national rates are appropriate for ERISA litigation cases |
| 3/25/16 | J. Hoag | 0.2 | 92 | Confer with R. Birmingham regarding reply brief for attorney's fees |
| 4/15/16 | C. Hawkins | 0.2 | 77 | Conference with R. Birmingham regarding revisions to reply brief |
| 7/28/17 | J. Hoag | 0.2 | 92 | Confer with R. Birmingham and C. Hawkins regarding motion to Ninth Circuit pertaining to fees |
| 9/17/17 | C. Hawkins | 0.2 | 77 | Correspondence with J. Hoag and R. Birmingham regarding motion for summary judgment |
| 10/26/17 | J. Hoag | 0.2 | 92 | Confer regarding reply filing issues and content |
| 1/31/18 | C. Hawkins | 0.3 | 115.50 | …email with J. Hoag and R. Birmingham regarding same (0.30) |
| 1/31/18 | C. Hawkins | 0.3 | 115.50 | Email with J. Hoag and R. Birmingham regarding opposition to motion for reconsideration (0.30)… |
| 2/7/18 | C. Hawkins | 0.2 | 77 | Email with S. Bright, J. Hoag and R. Birmingham regarding filing of opposition to motion for reconsideration |
| 3/3/18 | C. Hawkins | 0.3 | 115.50 | …email with J. Hoag regarding same (0.30) |
| 3/5/18 | C. Hawkins | 0.4 | 154 | …confer with R. Birmingham and J. Leno regarding same (0.40) |
| 3/7/18 | C. Hawkins | 0.6 | 231 | Confer with R. Birmingham and accounting department regarding damages calculation and earnings rates (0.60)… |
| 3/8/18 | C. Hawkins | 0.5 | 192.50 | Emails with R. Birmingham and J. Hoag regarding damages calculation and review same |
| 3/15/18 | C. Hawkins | 0.5 | 192.50 | …telephone conference with R. Birmingham regarding same (0.30); email with J. Hoag and R. Birmingham regarding review of draft documents (0.20) |
| 3/26/18 | C. Hawkins | 0.2 | 77 | Email with S. Bright regarding stipulated motion for damages |

| | | | | filing |
|---|---|---|---|---|
| 3/28/18 | C. Hawkins | 0.4 | 154 | telephone conferences with R. Birmingham and J. Hoag regarding fee allocation (.40) |
| 5/16/18 | C. Hawkins | 0.3 | 115.50 | Strategize with J. Hoag and R. Birmingham regarding reply in support of motion for fees |
| 5/23/18 | C. Hawkins | 0.3 | 115.50 | Emails with S. Bright regarding documents received in response to discovery requests |

The above entries reflect intra-office conferences or communications between experienced counsel. The Court has previously stated that such entries, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. Dkt. #96 at 8 (citing *Welch*, 480 F.3d at 949). The Court previously cut billings for this reason, and the parties did not raise this issue on appeal. This time around, Plaintiffs provide limited, generalized argument to support billing for intra-office conferences, but do not point to specific entries. *See* Dkt. #136 at 11. The actual billing records are vague. The Court is not persuaded that the significant number of hours billed for intra-office conferences and correspondence are non-duplicative or otherwise reasonable. The Court will not cut every six or twelve minute conference, of which there are many in the records. However, the Court will cut the most-egregiously duplicative and unnecessary billings and deduct $4,687.50 from the total award.

Next, the Court finds an excessive number of entries related to preparing for oral argument before the Ninth Circuit. By the Court's calculation, Plaintiffs' three counsel billed 32 entries for preparing for oral argument over five months, 62.7 hours totaling $36,180.50. *See* Dkt. #146-1. This is in addition, of course, to the time Plaintiffs' counsel spent *briefing* the appeal. The Court is aware from the Ninth Circuit's website that oral argument lasted less than an hour. Plaintiffs do not justify this time or mention it in their request for fees. "The party

seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours..." *Welch*, 480 F.3d at 945-46 (citing *Hensley*, 461 U.S. at 433). The court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The Court finds that this amount of billing was excessive and unnecessary. The billing reflects a duplication of efforts between the three counsel, including having the associates attend oral argument when they were not arguing, and having associates participate in an unexplained moot court version of the oral argument. Erring on the side of caution, the Court will reduce the award for this time by 33%, and deduct $11,939.57 from the total award.

In addition to the Court's own observations, Defendants argue that the Court should trim hours for three activities: 1) Plaintiffs' Motion for Reconsideration on the original Attorney's Fees Order, 2) hours spent briefing "national rates and rates under the *Laffey* matrix to the Ninth Circuit, and 3) a request to the Ninth Circuit to provide supplemental authority and supplemental briefing that was denied by that court. Dkt. #144 at 11–14.[1] The Court agrees with Defendants that the majority of these hours cannot be said to be "reasonably incurred" because Defendants continued to argue an inapplicable standard for calculating the appropriate hourly rate, and additionally finds that the hours spent drafting a six-page Motion for Reconsideration were excessive and unnecessary. However, the Motion for Reconsideration was granted in part to correct a "math error" that resulted in $37,000 of additional funds for the Plaintiffs. *See* Dkt. #145 at 9 (citing Dkt. #105 at 2). This meritorious portion of the briefing took up less than a page. Given all of the above, the Court will trim half of the billing for the

---

[1] The Court acknowledges Plaintiffs' argument that Defendants' Response brief exceeded the 12 page limit and that these arguments were made beyond the twelfth page. However, the Court finds that Defendants' arguments were generally begun within the first 12 pages, not including the caption, and that the briefing contained tables that could easily have been submitted in declarations and will not count against the page limit in this instance.

ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND EXPENSES - 9

Motion for Reconsideration, $9,310, and trim the second category of time suggested by Defendants for the same reasons, $7,960. The third category of time was arguably spent in favor of Plaintiffs' position on appeal and will not be trimmed solely because it was unsuccessful.

Total reductions come to $35,330.07. Subtracting this from the total requested number of $804,995.50 creates a new loadstar total of $769,665.43.

The Court has further considered the factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) and finds no reason to adjust the loadstar amount.

The Court has previously found that Plaintiffs' counsel should be awarded 25% of the common fund. *See* Dkt. #96. Defendants do not object to this request. Dkt. #144 at 15.

Plaintiffs' expenses of $27,465.69 are reasonable and unopposed by Defendants.

Defendants do not oppose the incentive awards of $15,000 and $5,000. The Court finds that these awards are reasonable. Class Representative Richard Lehman undertook a risk in initiating this litigation in 2013, and has remained active throughout this case, including appeal. Class Representative Michael Puterbaugh likewise undertook risk by consenting to being named as a second Class Representative. The parties agree that Mr. Puterbaugh's addition to the litigation mooted an issue that Defendants were pursuing before this Court. In light of the Class Representatives' risk and service to the Class, an award of $15,000 to Mr. Lehman and $5,000 to Mr. Puterbaugh, payable from the Common Fund, is appropriate.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiffs' second Motion for Attorneys' Fees and Costs (Dkt. #136) is GRANTED IN PART as stated above.

2) Defendants, in their capacities as Trustees of the IBEW Pacific Coast Pension Fund, are to cause the IBEW Pacific Coast Pension Fund to pay Class Counsel $769,665.43 in fees and $27,465.69 in costs under 29 U.S.C. §1132(g)(1).

3) Class Counsel are further to be paid 25% of the Common Fund, or $289,276, as a reasonable attorneys' fee, which is made up of earnings on contributions that this Court has required Defendants to transfer to the Class Members' home pension funds.

4) Class Representative Richard Lehman is to be paid $15,000 from the Common Fund, and Class Representative Michael Puterbaugh is to be paid $5,000 from the Common Fund, for their services as Class Representatives.

5) Class Counsel is to be further paid 25% of any additional earnings that accrue on the Common Fund on or after December 31, 2017, until the date the Defendants or the Pacific Coast Pension Fund distributes all funds as required by this Order.

6) Interest shall accrue and be payable by Defendants on the fees and costs above, from the date this Order is entered until the date Defendants make payment to Class Counsel. Interest shall be calculated as set forth in 28 U.S.C. § 1961.

DATED this 6 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE